UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SOUTHERN SHRIMP ALLIANCE                           CIVIL ACTION

VERSUS                                             NO. 07-3268

LOUISIANA SHRIMP ASSOCIATION, ET AL.               SECTION "C" (3)

**ORDER**

On October 14, 2009, the undersigned Magistrate Judge conducted a hearing on defendants' Motion to Compel [Doc. #42] and Motion for Leave to File Counterclaim and First Amended Counterclaim [Doc. #58].[1] Present were R. Patrick Vance and Erica N. Beck on behalf of plaintiff and Chester Theodore Alpaugh and William Guste on behalf of defendants. For the following reasons, the Court grants defendants' Motion to Compel [Doc. #42] and denies defendants' Motion for Leave to File Counterclaim and First Amended Counterclaim [Doc. #58].

**I.   Procedural Background**

These motions have been here before. The facts are outlined below as necessary with regard to each individual motion.

On February 11, 2009, this Court held an oral hearing on defendants' Motion to Compel [Doc. #42]. The dispute at the heart of the motion to compel is the production of settlement

---

[1] Although entitled Motion for Leave to File Counterclaim and First Amended Counterclaim, the motion in essence seeks to add a supplemental counterclaim and then amend and supplement the initial counterclaim. Defendants filed their initial counterclaim with their Answer to plaintiff's Original Complaint. [Doc. #4].

agreements that plaintiff Southern Shrimp Alliance ("SSA") entered. SSA initially refused to produce the settlement agreements on the ground of confidentiality. On February 11, this Court ordered the parties to confect an "attorneys' eyes only" protective order pursuant to which the settlement agreements would be produced and/or to seek prefatory *in camera* inspection of same. [Doc. #50]. After *in camera* review and subject to the "attorneys' eyes only" protective order, this Court then ordered the production of 14 of the 104 settlement agreements. [Doc. #92]. The Court based its ruling on the limited production of 14 settlement agreements on the proximity of the trial date at that time, reasoning that the production of at least 14 settlement agreements would provide defendants with some relevant and responsive documents that they could review before trial.

Later, on April 1, 2009, this Court denied defendants' Motion for Leave to File Counterclaim and First Amended Counterclaim [Doc. #58]. This Court stated, "Viewing this as a case management issue, the applicable standard is Fed. R. Civ. P. 16(B) 'good cause' and an order granting an amendment at this late date would jeopardize the trial date." [Doc. #90].

Both parties appealed this Court's rulings to the District Court. With regard to the denial of the Motion for Leave to File Counterclaim and First Amended Counterclaim, the District Court dismissed the appeal as moot and remanded the matter to this Court. [Doc. #141]. The District Court recognized that this Court had denied the Motion for Leave on the sole ground of the proximity of the trial date. Because the District Court had later continued the trial to April 26, 2010, it remanded the motion to this Court to consider any remaining arguments as to the Motion for Leave.

With regard to the Motion to Compel, the District Court upheld this Court's finding that the settlement agreements are discoverable and potentially relevant to defendants' defense of the claims

alleged by SSA. The District Court further found that the safeguard in place – the "attorneys' eyes only" protective order – is adequate to ensure the confidentiality of the agreements. The District Court remanded the motion, however, because the limited production of the settlement agreements had been restricted by the proximity of the trial date.

After remand, this Court issued an order resetting the motions for oral argument and ordering the parties to file supplemental briefs, if necessary, to apprise the Court of any changes that had occurred since the original filing of the motions. [Doc. #144]. Neither party did so.

## II.     Defendants' Motion to Compel [Doc. #42]

At the oral hearing on this motion, this Court asked the parties whether any change had occurred that would bar the production of the remaining settlement agreements. Defendants argued that nothing has changed. Plaintiff re-urged its concern that the settlement agreements are highly proprietary and that there is no need to order the production of the additional settlement agreements.

Plaintiff has not convinced the Court that production of the remaining settlement agreements is unnecessary. When the Court conducted its *in camera* inspection, it reviewed all of the settlement agreements and found all of them discoverable. As noted, however, it only ordered the production of 14 of the 104 settlement agreements because of the proximity of the trial date. The District Court upheld this finding and further held that the "attorneys' eyes only" protective order was adequate to ensure the confidentiality of the agreements.

Plaintiff has given this Court no reason to find that the remaining settlement agreements are not discoverable. Plaintiff has pointed this Court to no language in the remaining agreements – and this Court has seen none – that would foreclose their production pursuant to the "attorneys' eyes

3

only" protective order. Accordingly, the Court grants the Motion to Compel [Doc. #42] and orders the production of the remaining agreements submitted to this Court for *in camera* inspection and pursuant to the terms and conditions of the "attorneys' eyes only" protective order.

**III.     Motion for Leave to File Counterclaim and First Amended Counterclaim [Doc. #58]**

Defendants seek to amend their original counterclaim by adding claims for breach of fiduciary duty, negligence, unjust enrichment and conversion. The State of Louisiana and SSA entered two Cooperative Endeavor Agreements ("COAs") whereby the State of Louisiana paid $618,000 to SSA for the purpose of diligently litigating certain trade actions for the protection of the Louisiana wild-caught shrimp industry. Defendants base these new claims on the alleged breach of the COAs, alleging that SSA entered settlement agreements with the litigating entities and retained approximately $18,000,000 in violation of the COAs.

In its original memorandum, defendants submitted that SSA had never answered its original counterclaim, that it was allowed to amend once as a matter of right and that the liberal standard of Rule 15(a) is applicable to its motion to amend counterclaim. Defendants assert that the First Amended Counterclaim and its Original Counterclaim are identical causes of action against plaintiff. Allegedly, all of these claims arise out of the same trade litigation that spawned the actions in plaintiff's Original Complaint and its First Amended Complaint and form the bases of the defenses against plaintiff's claims. In sum, defendants submit that the amendment should be permitted as a matter of course since no responsive pleading has been filed and, in any event, the amendment will serve the interest of judicial economy.

Plaintiff argues that, contrary to defendants' arguments, the amended counterclaim is an

entirely new claim about which defendants knew when plaintiff filed its original complaint over two years ago. Plaintiff argues that the amendments addressing breach of fiduciary duty to the domestic shrimp industry, unjust enrichment and conversion are not new. Plaintiff notes that all of the factual allegations underlying the alleged claims occurred before plaintiff filed suit, including the 104 settlements and the execution of the COAs. Plaintiff also points out that it was defendants' complaints to the Attorney General's office in 2006 and 2007 regarding the 104 settlements that form the basis of plaintiff's claim here for defamation.

Accordingly, plaintiff asserts that defendants cannot show due diligence and have provided no explanation why they failed to assert the claim in a timely manner. Plaintiff argues that it cannot possibly conduct the discovery necessary to defend against this new claim before the new discovery deadline of March 8, 2010. Depositions of defendants must be re-noticed and retaken, and written discovery must commence anew. Indeed, plaintiff claims, had the amended counterclaim been presented in a timely manner, defendants' and plaintiff's principals would not need to be re-deposed.

Plaintiff also claims that it did not answer the original counterclaim because defendants indicated that they were investigating whether to dismiss it. The claim has been pending for nearly two years, and plaintiff has patiently awaited its day in court. Plaintiff has cooperated with defendants and previously agreed to a continuance in May 2008. According to plaintiff, another continuance is unreasonable and will only reward defendants' lack of due diligence, and the amendment will heap unnecessary expense upon plaintiff to renew the discovery process.

The Court denies defendants' Motion for Leave to File Counterclaim and First Amended Counterclaim because defendants have simply failed to provide any reason why the Court should

5

grant the motion. The only argument in defendants' motion is that the Court should grant the motion as of right because plaintiff failed to answer the original counterclaim. However, on May 6, 2009, plaintiff answered the counterclaim, thereby mooting defendants' only argument. This Court asked for supplemental briefing, yet defendants entirely failed to provide this Court with any new argument in support of their motion. While the Court recognizes that the liberal standard to amend under Federal Rule of Civil Procedure 15 applies,[2] defendants have failed to meet even this liberal standard.

Rule 15 of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). While Rule 15(a) evinces a bias in favor of granting leave to amend, *see Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 872 (5th Cir. 2000), leave to amend is by no means automatic and is generally entrusted to the sound discretion of the district judge. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The determination requires consideration of the following factors: "*undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment.*" *Id.* (emphasis added).

Even applying this more lenient standard, the balance weighs in favor of plaintiff here. The Court finds that both undue delay and prejudice to plaintiff weigh in favor of denial of leave to

---

[2] There is no deadline to amend pleadings in the Scheduling Order [Doc. #137]. Rule 16 and the more stringent "good cause" standard to amend are therefore inapplicable.

amend. As plaintiff aptly demonstrates, defendants have known of their counterclaim since – at the latest – plaintiff filed suit. Now, approximately two years later, defendants seek to amend. Such a delay is undue, especially given the extensive discovery and motion practice that has already occurred in this suit.

More importantly, however, the Court finds that a grant of the motion for leave to amend will prejudice plaintiff. The Court rejects outright any argument by defendants that the causes of action in the original counterclaim and the amended counterclaim are identical. In the original counterclaim, defendants allege a claim for defamation. As noted above, defendants now seek to allege claims for breach of fiduciary duty, negligence, unjust enrichment and conversion. While in the grand scheme of this lawsuit these claims may have arisen out of the "trade litigation" at issue here, they are by no means identical causes of action, requiring different elements of *factual* proof.

Thus, and as plaintiff correctly notes, a grant of the motion will result in the renewal of the discovery process (not to say that the process is now complete), an expensive and time-consuming result given the potential need to re-propound discovery requests and re-depose defendants' and plaintiff's principals. Given defendants' ultimate failure to explain why they did not assert their counterclaim earlier, the Court finds the burden and expense of restarting the discovery process anew unwarranted. Accordingly, the Court denies defendants' Motion for Leave to File Counterclaim and First Amended Counterclaim [Doc. #58].

**IV.    Conclusion**

For the foregoing reasons, the Court grants defendants' Motion to Compel [Doc. #42] and denies defendants' Motion for Leave to File Counterclaim and First Amended Counterclaim [Doc.

7

#58].

                                                                                       **DANIEL E. KNOWLES, III**
                                                                                       **UNITED STATES MAGISTRATE JUDGE**